UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| GARY SEELEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 19-4006-HLT |
|  | ) |  |
| KANSAS EMPLOYMENT REVIEW BOARD, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# **ORDER**

Defendants Kansas Employment Security Review Board and Trand, Inc. have filed motions to stay discovery (ECF Nos. 16, 17) pending the court's rulings on their motions to dismiss (ECF Nos. 7, 11). The pro se plaintiff, Gary Seeley, has not filed responses to the motions to stay discovery (nor has he filed responses to the motions to dismiss), and the time for doing so under Rule 6.1 has run. Under D. Kan. Rule 7.4, "if a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." The court could grant these motions solely on the ground that they are unopposed, but will briefly address the merits.

Background

Plaintiff filed this case on January 24, 2019, alleging a civil rights violation when he did not receive a mailed notice of his unemployment hearing and did not get to have a

rescheduled hearing.[1]  Plaintiff's motion to proceed in forma pauperis was granted on January 29, 2019.[2]  Defendant Trand, Inc. filed a motion to dismiss on February 11, 2019 (ECF No. 7).  Defendant Kansas Employment Security Review Board filed a motion to dismiss on February 19, 2019 (ECF No. 11).  Defendants seek dismissal based on improper forum, lack of jurisdiction, and failure to exhaust administrative remedies.[3]

Counsel for Trand, Inc. signed a declaration stating that he mailed a copy of ECF No. 7 on February 11, 2019, via certified mail to plaintiff at the address on record with the court.[4]  Counsel received a return receipt card indicating the mailing was received and signed for by Tina Cherry on February 20, 2019.[5]  Similarly, the court received return mail on March 4, 2019, after attempting to send notice of an executed summons to plaintiff to same address.[6]  The mail was returned with a forwarding address handwritten on the envelope, to which the court attempted to send the notice of the executed summons.[7]  Again, the mail was returned to the court as undeliverable.[8]  Counsel for Kansas

---

[1] ECF No. 1.

[2] ECF No. 4.

[3] ECF Nos. 7, 11.

[4] ECF No. 16-1.

[5] *Id.*

[6] ECF No. 13.

[7] ECF No. 14.

[8] *Id.*

Employment Security Review Board then mailed a copy of its motion to dismiss to plaintiff at the handwritten forwarding address on March 4, 2019.[9]

As earlier indicated, plaintiff has not timely responded to the motions to dismiss or the motions to stay. Nor has he contacted the court for any additional time, continuances, or to change his mailing address. The court entered an order to show cause on April 3, 2019, directing plaintiff to explain why he failed to timely respond to the pending motions and to file his responses by April 24, 2019.[10] In the instant motions, defendants request a stay on discovery based on the pending dispositive motions and based on plaintiff's lack of prosecution.[11]

Analysis

It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed.[12] However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if at least one of these factors is present: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity

---

[9] ECF Nos. 15, 17.

[10] ECF No. 18.

[11] ECF Nos. 16, 17.

[12] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

from suit.[13]  The decision whether to stay discovery rests in the sound discretion of the court.[14]

The court has reviewed the record, the instant motions, and the pending motions to dismiss.  The court concludes that a stay of pretrial proceedings is warranted until the court resolves defendants' pending dispositive motions.  As an initial matter, defendants' motions to stay are unopposed and the time for plaintiff's responses has run.  The court's local rules provide that the court will decide the motions as uncontested and will ordinarily grant the motion without further notice.[15]

Defendants have further shown they are entitled to a stay on the merits.  If defendants' motions are granted, it will likely result in dismissal of plaintiff's claims.  Trand, Inc. moves for dismissal based on a lack of jurisdiction and failure to exhaust administrative remedies.[16]  Kansas Employment Security Review Board moves for dismissal based on "Eleventh Amendment immunity, lack of diversity jurisdiction, failure to exhaust administrative remedies, improper service of process, and the Board's lack of capacity to sue or be sued."[17]  Though the undersigned judge does not state an opinion as

---

[13] *Lofland v. City of Shawnee, Kansas*, No. 16-CV-2183-CM-TJJ, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016); *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

[14] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[15] D. Kan. R. 7.4; *Woltkamp v. Kansas*, No. 16-2790-JAR, 2017 WL 373381, at *1 (D. Kan. Jan. 26, 2017).

[16] ECF Nos. 7, 16.

[17] ECF Nos. 11, 16.

to the validity of defendants' motions to dismiss, the court is satisfied that the case would be concluded should defendants prevail on their dispositive motions. Even if the dispositive motions do not result in the complete dismissal of plaintiff's claims, a ruling could narrow the case, "making discovery at this point wasteful and burdensome."[18]

Further, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[19] At this stage, the court generally considers only the adequacy of the pleadings themselves, and will not look to evidence outside the complaint, as it would at the summary judgment stage.[20] A stay is therefore appropriate for this additional reason.

Defendants' motions to stay are granted. All pretrial proceedings in this case are stayed until further order of the court. Should the case survive the pending motions to dismiss, the parties shall confer and submit a Rule 26(f) planning meeting report to the undersigned chambers within 14 days of the ruling of the motions. The court will then set a scheduling conference.

IT IS SO ORDERED.

---

[18] *Woltkamp*, 2017 WL 373381, at *1.

[19] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[20] *Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017); *Fattaey*, 2016 WL 3743104, at *2.

Dated April 10, 2019, at Kansas City, Kansas.

                                     <u>s/ James P. O'Hara</u>
                                     James P. O'Hara
                                     U.S. Magistrate Judge