# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GARY SEELEY,

    Plaintiff,

v.

KANSAS EMPLOYMENT REVIEW BOARD, et al.,

    Defendants.

Case No. 5:19-cv-04006-HLT-JPO

## MEMORANDUM AND ORDER

Plaintiff Gary Seeley filed two form complaints in forma pauperis,[1] checking boxes alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.* Doc. 1-1. He also challenges the denial of state unemployment benefits. Doc. 1. Defendants Trand Inc. and the Kansas Employment Review Board move to dismiss for lack of subject matter jurisdiction and failure to state a claim. Docs 7, 11.[2] Although the Court finds subject matter jurisdiction over Plaintiff's ADEA and ADA claims, it agrees that dismissal of these claims is warranted because of Plaintiff's failure to exhaust his administrative remedies. And based on this dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim and accordingly dismisses this case.

---

[1] Because Plaintiff is pro se, the Court liberally construes his pleadings. *See Hunt v. Sapien*, 2007 WL 1520906, at *1 (D. Kan. 2007). The Court, however, may not become an advocate for Plaintiff. *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[2] Plaintiff never responded to the motions nor did he respond after this Court ordered him to show cause. Doc. 18.

## I. BACKGROUND[3]

Trand Inc., a Kansas corporation, terminated Plaintiff. Doc. 1-2 at 1. He filed for and was initially granted unemployment benefits. Trand appealed, and Plaintiff failed to appear at an evidentiary hearing before a Kansas unemployment benefits appeals referee. Doc. 1 at 4. At the hearing, the referee reversed the original determination and found that Plaintiff had been discharged for safety violations. Plaintiff claims that he had changed his mailing address to one in Spokane, Washington, and never received the hearing notice. *Id.* at 3. He alleges he tried to call and write to establish "good cause" for not appearing but received no response. *Id.* at 4. He also appealed to the Kansas Employment Security Board of Review ("the Board"), which affirmed the referee. Doc. 1-2 at 1. The Board decision included a notice that an appeal must be filed in state district court.

On January 24, 2019, Plaintiff filed this action against Defendants and challenges the denial of benefits. Doc. 1. Plaintiff also asserts claims under the ADEA and the ADA and for the denial of unemployment benefits. Doc. 1-1. On the form complaint, Plaintiff checked boxes stating he had not filed a charge of discrimination with the EEOC or received a right-to-sue letter. Doc. 1-1 at 2.

## II. ANALYSIS

Defendants seek to dismiss the complaints in their entirety, arguing that the Court lacks jurisdiction and that Plaintiff failed to exhaust his administrative remedies before filing suit. Although the Court has subject matter jurisdiction over Plaintiff's ADEA and ADA claims, the Court dismisses them because Plaintiff failed to exhaust his administrative remedies. Based on its

---

[3] The following background is based on the pleadings and, for purposes of the pending motions to dismiss, the Court accepts as true Plaintiff's well-pleaded factual allegations. *See* Rule 12(b)(6).

dismissal of the claims over which it had subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's benefits-denial claim.

      **A.**    **The Court has federal-question jurisdiction, but Plaintiff has not alleged facts to establish diversity jurisdiction.**

Plaintiff, as the party seeking to invoke subject matter jurisdiction, bears the burden of establishing it. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). There are two primary avenues for subject matter jurisdiction: diversity and a federal-question. *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff's form complaint claims diversity as a basis for jurisdiction. But diversity jurisdiction requires diversity of citizenship among the parties and an amount in controversy over $75,000. *See* § 1332(a). Here, Plaintiff asserts a "claim balance" of only $5,688—far short of the $75,000 minimum. Doc. 1 at 4. Although he checks the box for punitive damages, Plaintiff provides no factual basis for them. And attorney's fees are not an issue because Plaintiff is pro se. Thus, Plaintiff has not established diversity jurisdiction.

Federal-question jurisdiction arises if a federal law is at issue. § 1331. Federal-question jurisdiction exists because Plaintiff asserts violations of the ADEA and ADA—both federal statutes.[4] And because the Court has original jurisdiction over these claims, it can exercise supplemental jurisdiction over his remaining state law claim. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

---

[4]   The Court questions whether Plaintiff's claim that he did not receive notice of the hearing and checking boxes sufficiently alleges claims under the ADEA and ADA for federal-question jurisdiction purposes. "The party seeking the exercise of jurisdiction in [his] favor must allege in [his] pleading the facts essential to show jurisdiction." *Lewis ex rel. Lewis v. Stevenson*, 123 F. App'x 885, 887 (10th Cir. 2005) (quoting *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Mere conclusory allegations of jurisdiction are not enough." *Id.* Out of an abundance of caution and given Plaintiff's pro se status and the early stage of the case, the Court finds jurisdiction for purposes of this order.

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

      **B.     Plaintiff fails to state valid claims under the ADEA and ADA because he has not exhausted administrative remedies.**

Because the Court has federal-question jurisdiction, the Court next addresses Defendants' failure-to-exhaust argument. Both the ADEA and ADA require a plaintiff to exhaust administrative remedies before filing suit. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1308 (10th Cir. 2005). The failure to exhaust administrative remedies before filing suit is no longer a jurisdictional bar under Rule 12(b)(1). *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1185 n.10 (10th Cir. 2018) ("[A] plaintiff's failure to exhaust administrative remedies before bringing a Title VII, ADA, or Age Discrimination in Employment Act claim does not deprive a federal court of jurisdiction over the claim."). Instead, failure to exhaust may be raised as an affirmative defense. *Id.* at 1185. The defense "may be raised in a [Rule 12(b)(6)] motion to dismiss when the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 2019 WL 1594778, at *3 (10th Cir. 2019); *see also Bryant v. United States Postal Serv.*, 2019 WL 2473787, at *3 (D. Kan. 2019) (dismissing a complaint under Rule 12(b)(6) because the plaintiff did not receive a right-to-sue letter from the EEOC for her Title VII claim).

Here, Plaintiff concedes he neither filed a claim with the EEOC nor obtained a right-to-sue letter. Doc. 1-1 at 2. Because Plaintiff affirmatively concedes failure to exhaust and did not challenge this issue in response to Defendant's motions to dismiss, the Court finds amendment would be futile. For this reason, the Court dismisses Plaintiff's ADEA and ADA claims without prejudice.

### C. The Court declines to exercise supplemental jurisdiction over Plaintiff's benefits-denial claim.

At this point, the Court has dismissed the claims over which it had original jurisdiction. Plaintiff has not identified any independent federal jurisdictional basis for his benefits-denial claim. Although the Court could exercise supplemental jurisdiction and analyze Defendant's remaining arguments, it declines to do so for the following reasons.

In deciding whether to exercise supplemental jurisdiction over a state law claim, the district court should consider whether the values of judicial economy, convenience, and fairness would be served by retaining jurisdiction. *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). A district court may decline supplemental jurisdiction when the claims over which it had original jurisdiction have been dismissed. *See, e.g.*, *Exsum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004); *Heffington v. Derby United Sch. Dist. 260*, 2011 WL 5149257, at *3 (D. Kan. 2011).

Here, the proceedings are at an early stage, the federal claims have been dismissed, and the only remaining cause of action is a purely state law claim. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state law benefits-denial claim. The claim is accordingly dismissed without prejudice.

## III. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' motions to dismiss (Docs. 7, 11) are GRANTED.

IT IS SO ORDERED.

DATED   June 28, 2019            /s/ Holly L. Teeter
                                 HOLLY L. TEETER
                                 UNITED STATES DISTRICT JUDGE